**Brian POWER, Plaintiff—Appellant,**

v.

**Gordon ENGLAND,\* Secretary of the Navy, Defendant—Appellee.**

No. 00–56946.

D.C. No. CV 99–06770–ER(RNBx).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2002 \*\*.

Decided Feb. 20, 2002.

---

\* Gordon England is substituted for his predecessor, Richard Danzig, as Secretary of the U.S. Navy. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

288

Before ARCHER,*** O'SCANNLAIN, and SILVERMAN, Circuit Judges.

*** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

MEMORANDUM ****

Power, a civilian employee of the U.S. Navy, appeals from the district court's grant of England's motion for summary judgment on his Rehabilitation Act and retaliation claims. Power alleges that the U.S. Navy discriminated against him based on his mental and physical disabilities and retaliated against him for engaging in a protected activity under Title VII of the 1964 Civil Rights Act. Because the facts are known to the parties, they are not discussed here except as necessary.

I

To establish a prima facie case of disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Power must show that he (1) is an individual with a disability, (2) was otherwise qualified, and (3) was subjected to discrimination because of his disability. *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990). An individual with a disability is any person who has a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. § 12102(2)(A). "Substantially limited" refers to the inability to perform a major life activity as compared to the average person in the general population, or a significant restriction as to the condition, manner, or duration under which an individual can perform the particular activity. *See Toyota Motor Mfg. v. Williams,* —— U.S. ——, 122 S.Ct. 681, 690, 151 L.Ed.2d 615 (2002) (citing 29 C.F.R. § 1630.2(j)). The impairment's impact must also be permanent or long-term. *Id.* at 690. EEOC guidelines define major life activities as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing,

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

learning, and working." 29 C.F.R. § 1614.203(a)(3).

■ Despite Power's contention that his depression substantially limits some of his major life activities, he produced no evidence from his doctors that these difficulties rendered him unable to perform major life activities or significantly restricted the manner or duration in which he performed them. Power admitted that he was able to carry out his normal daily activities despite his depression; he acknowledged that he exercises at the gym one to two times a week, swims, cooks, cleans his home, washes dishes, does laundry, drives, and performs mechanical repairs on his car. He often is self-employed as an electrician on his days off from his primary job.

With respect to the major life activity of working, the inability to work at a particular position does not render an employee substantially limited. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999); *see also* 29 C.F.R. § 1630.2(j)(3)(i). Power alleges only that his depression necessitates a transfer to a different department, not that his depression renders him "unable to work in a broad class of jobs." *Sutton,* 527 U.S. at 491, 119 S.Ct. 2139. Furthermore, he does not allege that his depression prevents him from performing the requirements of his current position. According to Power, he has been able to perform his job duties in an outstanding manner and deserves higher performance ratings. Finally, the inability to get along with co-workers is not sufficient to show a substantial limitation. *McAlindin v. County of San Diego,* 192 F.3d 1226, 1235 (9th Cir.1999), *modified on denial of reh'g,* 201 F.3d 1211 (9th Cir.2000), *cert. denied,* 530 U.S. 1243, 120 S.Ct. 2689, 147 L.Ed.2d 961 (2000).

■ With respect to Power's physical disability, he has failed to show that the Navy's legitimate, nondiscriminatory reasons for failing to promote him, suspending him for three days, and giving him lower performance rankings were a mere pretext for discrimination. *See Tex. Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (establishing the familiar burden shifting scheme that once plaintiff makes out a prima facie case of discrimination, the burden shifts to defendant to articulate legitimate, nondiscriminatory reasons for taking the adverse employment action; once met, the burden shifts back to plaintiff to show that the defendant's reasons are a pretext for discrimination). Due to budget cuts and staff reductions, no one in Power's office was promoted to or hired at a higher level than Power; he received the three-day suspension as a result of failing to follow proper leave procedures; his performance rankings did not suffer any more than other co-workers' under a new, tougher supervisor; and at no time did someone who was at his performance rating receive a monetary award that Power did not. Power has shown us no evidence from which we can infer that the Navy's reasons are pretext.

## II

Finally, to establish a prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e–3(a), Power must show that (1) he engaged in a protected activity, (2) the Navy subjected him to an adverse employment action, and (3) there was a causal link between his protected activity and the employer's action. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000). An employment action is adverse if "it is reasonably likely to deter employees from engaging in protected activities." *Id.* at 1243. Power alleges that he engaged in a protected activity by telling his supervisor

that a co-worker was sexually harassing two female employees.

■ Taking this as true, Power failed to establish the requisite causal link. First, he received a warning that he would be subject to disciplinary action unless he provided medical documentation for his absence *before* Power allegedly complained about sexual harassment. Moreover, the actual suspension decision was made by Power's supervisor's higher-up, Commander Hardaway, who had no knowledge of Power's alleged complaint to his supervisor.

■ Second, the failure to promote Power happened months after the alleged protected activity. While an adverse employment action taken closely on the heels of a protected activity can give rise to a presumptive causal link, *see Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 731 (9th Cir.1986), 10-plus months is not "close enough" to receive this presumption. Furthermore, Power offered no evidence that he was qualified for a promotion to a higher grade or that promotions were offered to other employees.

### III

For the foregoing reasons, we AFFIRM the district court.